MEMORANDUM DECISION
Appellant, Mario Montgomery, has filed a motion for delayed appeal pursuant to App.R. 5(A). App.R. 5(A) provides in part:
"RULE 5. Appeals by leave of court in criminal cases
 "(A) Motion by defendant for delayed appeal.
After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. ***"
In support of his motion for delayed appeal, appellant, through counsel, contends that appellant's trial attorney failed to file a timely notice of appeal and has since been suspended from the practice of law.
Appellant was sentenced in July 1996, and, in July 1997, appellant, through his present counsel, filed a motion for production of a trial transcript at state expense. In November 1997, the trial court overruled the motion, noting there was no pending appeal or petition for post-conviction relief and counsel was notified of the court's decision. This court, in State v.Cromlish (Sept. 9, 1994), Franklin App. No. 94AP-855, unreported (1994 Opinions 3972, 3974), stated that App.R. 5(A) requires a "reasonable explanation of the basis for failure to perfect a timely appeal."
It is apparent that, in November 1997, appellant and his attorney were aware that no appeal had been filed by appellant's trial counsel and his motion for delayed appeal should have been filed at that time. Appellant has offered no reasonable explanation as to why a delayed appeal was not filed in the intervening two years.
Therefore, appellant's motion for delayed appeal is overruled.
Motion for delayed appeal denied.
KENNEDY and TYACK, JJ., concur.
 OPINIONS AND DECISIONS DETERMINATIONS OF COURT RELEASED THURSDAY, AUGUST 12, 1999